UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INTERACTIVE BROKERS LLC,<br><br>   Plaintiff,<br><br>v.<br><br>JACK DELAPORTE, DILLON SPRINGER, HELENA YOST, JASON MERRITT, JEFFREY ROSENTHAL, LISA ROSENTHAL, BRETT LEVE, DAVID SIMKINS, individually and as trustee of the DAVID SIMKINS GRANTOR TRUST and the LEON SIMKINS NON-EXEMPT TRUST FBO DAVID SIMKINS, BRUCE CLAY, MATTHEW CLAY, MICHELLE SIMKINS RUBELL, individually and as trustee of the MICHELLE SIMKINS RUBELL GRANTOR TRUST, TAYLOR SIMKINS, DRAMM, INC., and JODY LEVY,<br><br>   Defendants. | Case No. _____<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF** |

Plaintiff Interactive Brokers LLC ("IBKR") alleges the following:

## NATURE OF THE CASE

1.     IBKR brings this action to enjoin Defendants Jack Delaporte, Dillon Springer, Helena Yost, Jason Merritt, Jeffrey Rosenthal, Lisa Rosenthal, Brett Leve, David Simkins, individually and as trustee of the David Simkins Grantor Trust and the Leon Simkins Non-Exempt Trust fbo David Simkins, Bruce Clay, Matthew Clay, Michelle Simkins Rubell, individually and as trustee of the Michelle Simkins Rubell Grantor Trust, Taylor Simkins, Dramm, Inc., and Jody Levy ("Defendants") from arbitrating a dispute against IBKR, given the absence of any agreement between the parties to submit this dispute to arbitration or any customer relationship whatsoever creating an obligation to arbitrate this dispute.

1

2. On or about May 31, 2023, Defendants filed a Statement of Claim (the "SOC") with the Financial Industry Regulatory Authority ("FINRA") entitled *Jack Delaporte, Dillon Springer, Helena Yost, Jason Merritt, Jeffrey Rosenthal, et al. vs. Interactive Brokers LLC*, FINRA Case No. 23-01592 (the "Arbitration") and naming IBKR as the sole respondent.

3. Defendants allege in the SOC that they are entitled to arbitrate this dispute based on their relationship with a third-party customer of IBKR, EIA All Weather Alpha Fund I Partners, LLC, the portfolio manager for two associated EIA funds (collectively, "EIA").

4. Alternatively, Defendants allege that *EIA's* account with IBKR somehow establishes a "customer" relationship between IBKR and the Defendants and improperly attempt to gain access to FINRA's arbitral forum under Rule 12200 of FINRA's Code of Arbitration Procedure.

5. Rule 12200 of the Code obligates IBKR, as a member of FINRA, to arbitrate certain disputes with its customers under certain circumstances. Rule 12200 does not, however, obligate FINRA members to arbitrate disputes with *non*-customers.

6. Defendants do not allege the existence of an agreement between IBKR and Defendants to submit disputes between them to arbitration, whether through FINRA or otherwise.

7. Defendants further do not allege that they maintained brokerage accounts at IBKR or that they invested in EIA through brokerage accounts at IBKR.

8. Defendants do not allege that they purchased any securities from IBKR, nor do they allege the existence of any contract between them and IBKR.

9. IBKR has no legal or other obligation to arbitrate the claims asserted in the SOC.

10. Accordingly, IBKR commences this action for a declaration that it has no obligation to arbitrate Defendants' claims, and to permanently enjoin Defendants from proceeding with the Arbitration against IB.

11. Absent injunctive relief, IBKR will sustain immediate and irreparable harm for which it will have no adequate remedy at law as it will be forced to arbitrate the dispute set forth in the SOC in the absence of any agreement to arbitrate. Courts in this District routinely grant injunctive relief to prevent this harm and should do so here.

## PARTIES

12. IBKR is a Limited Liability Company with its principal place of business in Greenwich, Connecticut.

13. Upon information and belief, Defendants are clients or investors in EIA.

14. Upon information and belief, Defendant Jack Delaporte is a resident of the State of New York; Defendant Dillon Springer is a resident of the State of California; Defendant Helena Yost is a resident of the State of New York; Defendant Jason Merritt is a resident of the State of New York; Defendant Jeffrey Rosenthal is a resident of the State of Texas; Defendant Lisa Rosenthal is a resident of the State of Texas; Defendant Brett Leve is a resident of the State of Utah; Defendant David Simkins is a resident of the State of Florida; Defendant Bruce Clay is a resident of the State of New York; Defendant Matthew Clay is a resident of the State of New York; Defendant Michelle Simkins Rubell is a resident of the State of Florida; Defendant Taylor Simkins is a resident of the State of California; Defendant DRAMM, Inc.'s principal place of business is in Miami, Florida; and Defendant Jody Levy is a resident of the State of Michigan.

## JURISDICTION AND VENUE

15.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the claims alleged in the Arbitration arise under the federal securities laws.

16.   This Court has personal jurisdiction over this dispute because the Arbitration was filed and will be heard in New York.

17.   Venue in this Court is proper under 28 U.S.C. § 1391(b) because the Arbitration was filed and will be heard in New York.

## FACTUAL BACKGROUND

18.   Defendants initiated the Arbitration on or about May 31, 2023, by filing the SOC with FINRA and providing a copy of the SOC to IBKR.

19.   On or about June 2, 2023, FINRA sent a notice to IBKR, informing IBKR that it was named as a party in the Arbitration, and directing IBKR to file its answer to the Arbitration by no later than July 24, 2023.

20.   Defendants are investors who claim to have been defrauded by EIA All Weather Alpha Fund I Partners, LLC ("EIA Partners"), a Delaware limited liability company owned and managed by Andrew Middlebrooks, and two associated funds.

21.   EIA Partners is the investment adviser and general partner of EIA Alpha Fund I, LP, a Delaware limited partnership and pooled investment vehicle managed by EIA partners. EIA All Weather Alpha Fund Partners II, LLC, is a Delaware limited liability company. Mr. Middlebrooks is the sole member of EIA Fund II.

22.   IBKR is an online broker based in Greenwich, Connecticut, that provides electronic trade execution and clearing services to its clients.  Interactive Brokers does not employ any traditional "brokers" or investment advisors who manage client accounts. IBKR does not

recommend or solicit orders and does not provide investment or trading advice or trading recommendations. IBKR does not engage in proprietary trading or take the other side of its clients' trades. IBKR simply acts as a trade execution and clearing broker.

23. All trading in an IBKR client account is self-directed by the client or, if requested and authorized by the client, by the client's self-selected, outside independent financial advisor or agent. Trades are entered by the client (or the client's advisor or agent) on a personal computer and are transmitted over the internet to IBKR for execution on various exchanges and market centers.

24. From approximately July 2017 until May 2022, EIA maintained one or more trading accounts at IBKR.

25. The SOC alleges that Defendants invested an unspecified amount in EIA. Defendants allege that they entrusted these funds to EIA based on representations by Mr. Middlebrooks and EIA emails, presentations, and Fund documents.

26. The SOC further alleges that EIA misappropriated and improperly commingled their investment funds with the funds of other EIA customers in one or more trading accounts that EIA maintained.

27. Defendants do not allege any agreement, written or otherwise, between Defendants and IBKR to arbitrate any disputes between them.

28. Rule 12200 of the Code requires FINRA members to arbitrate certain disputes with customers when "requested by [a] customer."

29. Courts in this District and elsewhere have repeatedly interpreted Rule 12200 of the Code to provide that a "customer" is one who purchases goods or services from a FINRA member, or has an account with a FINRA member, and have enjoined FINRA arbitrations where the

Defendant investor did not have a brokerage account with the plaintiff and did not purchase services or commodities from plaintiff, but instead purchased those securities from another party.

30. Defendants do not allege that they maintained brokerage accounts with IBKR.

31. Defendants do not allege that they made investments in EIA through IBKR.

32. Defendants did not receive investment advice from IBKR.

33. IBKR did not receive remuneration for the sale or provision of goods or services from Defendants.

34. IBKR requires the relief sought herein to enjoin arbitration of the claims set forth in the SOC without IBKR's consent, and will be imminently and irreparably harmed by the absence of such relief.

35. Defendants will suffer no harm or prejudice if this Court grants IBKR's requested relief.

## FIRST CLAIM FOR RELIEF
### (Declaratory Judgment)

36. IBKR repeats the foregoing allegations as if fully set forth herein.

37. IBKR has no agreement, written or otherwise, to arbitrate this dispute with Defendants.

38. Defendants are not "customers" of IBKR entitled to arbitrate this dispute under Rule 12200 of the Code.

39. Declaratory relief is appropriate because the dispute between IBKR and Defendants is concrete and imminent.

40. Accordingly, IBKR respectfully requests that the Court declare that the Arbitration may not be arbitrated against IBKR and that IBKR has no obligation to submit to arbitrate the Arbitration.

## SECOND CLAIM FOR RELIEF
### (Injunctive Relief)

41. IBKR repeats the foregoing allegations as if fully set forth herein.

42. IBKR has no agreement, written or otherwise, to arbitrate this dispute with Defendants.

43. Defendants are not "customers" of IBKR entitled to arbitrate this dispute under Rule 12000 of the Code.

44. IBKR will suffer immediate and irreparable harm if it is forced to arbitrate claims that it did not agree to arbitrate and is not obligated to arbitrate.

45. IBKR has no adequate remedy at law.

46. The balance of the equities favors enjoining the Arbitration.

47. The public interest will be served by enjoining the Arbitration.

48. Accordingly, IBKR respectfully requests that the Court enjoin Defendants from arbitrating the claims set forth in the Arbitration against IBKR.

**PRAYER FOR RELIEF**

WHEREFORE, IBKR respectfully requests that the Court:

(a) Declare that IBKR has no obligation to arbitrate any claims with Defendants, including those alleged in the Arbitration;

(b) Enjoin Defendants from arbitrating the Arbitration or any related claims against IBKR; and

(c) Any other relief that the Court believes is just and proper.

Dated: June 28, 2023

KATTEN MUCHIN ROSENMAN LLP

s/ *David L. Goldberg*

David L. Goldberg
50 Rockefeller Plaza
New York, New York 10020
Phone: (212) 940-8800
david.goldberg@katten.com

*Attorney for Interactive Brokers LLC*